# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**FILED**

MAR - 5 2008

William B. Guthrie
Clerk, U.S. District Court

By_____
Deputy Clerk

QUINCY TREVOR MOUTON, )
)
Plaintiff, )
)
v. ) No. CIV 06-550-RAW-SPS
)
SHELLY GOLD and )
JASON WILLIAMS, )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss for plaintiff's failure to prosecute. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Reformatory in Granite, Oklahoma, brought this action under the authority of 42 U.S.C. § 1983, seeking monetary damages for alleged constitutional violations occurring during his incarceration at the Pontotoc County Jail in Ada, Oklahoma. The defendants are Shelly Gold, Pontotoc County Jail Administrator, and Jason Williams, Pontotoc County Jailer.

The defendants have filed a motion to dismiss, pursuant to Fed. R. Civ. P 41(b), alleging plaintiff has failed to prosecute this action [Docket #14]. The defendants assert they mailed copies of their answers to plaintiff at his last known address, but the answers were returned as undeliverable. The defendants claim plaintiff has failed to notify them and the court of his change of address, as required by Local Civil Rule 5.5(a).

The court located plaintiff through the Oklahoma Department of Corrections' website at http://www.doc.state.ok.us/ and directed him to show cause why the defendants' motion

to dismiss should not be granted [Docket #19]. In response to the court's order, plaintiff filed a notice of change of address, advising the court of his current facility [Docket #22]. He also filed a response to the motion to dismiss, alleging the DOC has continually moved him, and his girlfriend has repeatedly notified the Court Clerk of his changes of address [Docket #24].[1] Plaintiff further alleges in a motion for extension of time to respond to the defendants' answers that he did not know the defendants' answers had been filed [Docket #23].

> Rule 41(b) states, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The sanction of dismissal with prejudice for failure to prosecute is a "severe sanction," a measure of last resort. *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir.1993); *see Meade v. Grubbs,* 841 F.2d 1512, 1521 n.7 (10th Cir. 1988).

*Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007).

Before imposing dismissal as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992). Evaluating these five factors and the facts of this case, the court finds dismissal is not appropriate.

The defendants allege they have been unable to move this case toward disposition,

---

[1] It is unclear whether plaintiff is alleging his girlfriend phoned the Court Clerk of Pontotoc County or the Court Clerk of this district court. *See* Docket #24 at 1.

2

because they could not contact plaintiff to conduct discovery. The court finds, however, that the delay in the proceedings has resulted in a minimal degree of actual prejudice to the defendants, and there has been minimal interference in the judicial process. Plaintiff clearly is at fault for his failure to advise the court and opposing counsel of his current address, but he claims to have believed his girlfriend had informed the court of his move. When the court ordered plaintiff to show cause for his failure to advise the court of his location, he complied with a timely response. With regard to the fifth *Ehrenhaus* factor, the court finds that no sanction is warranted at this time. Plaintiff, however, is responsible for advising the court and opposing counsel of any additional changes in his mailing address. *See* Local Civil Rule 5.5(a). Such notification must be in writing, and a phone call will not be proper notice of the change of address. Plaintiff's failure to comply with this local rule in the future may result in sanctions. Finally, concerning plaintiff's motion for extension of time to respond to the defendants' answers, Fed. R. Civ. P. 7(a) does not allow the filing of a reply to an answer without the court's authorization.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #14] and plaintiff's motion for extension of time to respond to the defendants' answers [Docket #23] are DENIED.

**IT IS SO ORDERED** this 5th day of March 2008.

                                                                     **RONALD A. WHITE**
                                                                     **UNITED STATES DISTRICT JUDGE**